IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|                          |   |                             |
|--------------------------|---|-----------------------------|
| QUYNH T. PHAM,           | * |                             |
| Plaintiff,               | * |                             |
| v.                       | * | Civil Action No. PX 23-1797 |
| MERRICK B. GARLAND, *et al*, | * |                         |
| Defendants.              | * |                             |

******

## MEMORANDUM OPINION

Pending in this employment discrimination case is Defendants Attorney General Merrick B. Garland and the United States Federal Bureau of Prisons' (the "BOP") motion to dismiss or transfer venue. ECF No. 16. The issues are fully briefed, and no hearing is necessary. *See* Loc. R. 105.6. For the following reasons, the Court retains subject matter jurisdiction over the case, but venue is proper for all claims in the Southern District of Mississippi. Thus, the motion to transfer is GRANTED.[1]

**I.    Background**

Plaintiff Quynh Pham, proceeding pro se, is an Asian-American man who worked as a teacher at the BOP's Federal Correctional Complex in Yazoo City, Mississippi ("FCC Yazoo") in 2014. ECF No. 1 at 10 ¶ 4. At that time, Pham was the only Asian-American employee in the

---

[1] In the response to Defendants' motion, Pham separately moves for summary judgment in his favor. *See* ECF No. 20; ECF No. 20-1 at 22–24. Because the Court will transfer the matter, Pham's motion is denied without prejudice to refile in the transferee district. Relatedly, Defendants ask the Court to seal an exhibit (ECF No. 20-4) attached to Pham's pleading because the exhibit includes sensitive prison inmate information that may pose a security risk for those housed at the Yazoo City Federal Correctional Complex. ECF No. 21 at 13. The Court agrees with Defendants and directs the Clerk to seal ECF No. 20-4 pursuant to Federal Rule of Civil Procedure 5.2(d). *See J.B. v. Cnty. of Howard*, No. ELH-14-3752, 2015 WL 306705, at *3 (D. Md. Jan. 21, 2015), *aff'd*, 608 F. App'x 156 (4th Cir. 2015); *see also Rock v. McHugh*, 819 F. Supp. 2d 456, 476 (D. Md. 2011) (sealing exhibits that contain sensitive medical information).

Education Department at FCC Yazoo.  *Id.*  Pham alleges that his supervisors improperly scrutinized his work, reprimanded him for not following protocols, failed to investigate the veracity of allegations against him, and gave him less desirable work than his white and Black colleagues.  *Id.* at 11–19.

On September 25, 2015, Pham filed a formal charge with the Equal Employment Opportunity Commission (the "EEOC") against the BOP for race-based discrimination, hostile work environment, and retaliation.  ECF No. 1 at 10 ¶¶ 1, 4; ECF No. 16-2 at 15, 44–47, 51.  In an amended EEOC charge, Pham alleged 43 discrete incidents of discrimination and retaliation.  ECF No. 1 at 10 ¶ 3; *see* ECF No. 16-3 at 3–8; ECF No. 16-5 at 6–10.  Ultimately, the EEOC granted summary judgment in the BOP's favor on April 6, 2022, and denied Pham's appeal on April 3, 2023.  ECF No. 1 at 10 ¶ 3; *see* ECF No. 16-5 at 10–11.

On July 5, 2023, Pham timely filed suit in this Court, bringing discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"); the Whistleblower Protection Act of 1988 (the "WPA") and the Whistleblower Protection Enhancement Act of 2012 (the "WPEA"), 5 U.S.C. § 2302; and the Equal Pay Act of 1963, 29 U.S.C. § 206(d)(1) (the "EPA").  ECF No. 1 at 20.  The Complaint asserts the identical 43 incidents that form the basis of the EEOC charge.  ECF No. 1 at 10 ¶ 3, 11–19.

Defendants now move to dismiss or transfer venue to the Southern District of Mississippi where all the relevant events occurred.  ECF Nos. 16 & 16-1.  Defendants also argue that the Court lacks subject matter jurisdiction over the WPA and WPEA claims because Pham failed to exhaust administrative remedies prior to filing suit.  *Id.*  Last, Defendants contend that the claims fail as a matter of law.  *Id.*  Because the question of subject matter jurisdiction implicates the

Court's power to hear the case at all, the Court turns first to Defendants' lack of jurisdiction argument. *See Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999).

**II.     Analysis**

    **A.     Motion to Dismiss for Lack of Subject Matter Jurisdiction**

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the Court's limited subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); *see United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009). The "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). Thus, viewing the facts most favorably to plaintiff, *Lovern*, 190 F.3d at 654, dismissal is warranted where the complaint fails to state a jurisdictional basis for the claim. *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005).

The Court also "may consider evidence outside the pleadings" to determine whether it has jurisdiction. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *see also Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). In that circumstance, the Court may grant a motion to dismiss for lack of jurisdiction "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans*, 166 F.3d at 647.

Defendants contend that the Court lacks subject matter jurisdiction over Pham's WPA and WPEA claims because Pham failed to exhaust administrative remedies. ECF No. 16-1 at 28–30. This is so, say Defendants, because he did not first file the WPA and WPEA claims with the Office of Special Counsel or the Merit Systems Protection Board ("MSPB"). *Id.* at 28–29.

For these claims, exhaustion remains a necessary precondition to suit. *See Gonzalez v. Perdue*, No. 3:18-459, 2020 WL 1281237, at *11 (E.D. Va. Mar. 17, 2020) (citing *Harris v. Evans*, 66 F. App'x 465, 466 (4th Cir. 2003) (district court "lacked jurisdiction to hear [plaintiff's] whistleblower claim in the first instance, [and so] it also lacked the power to excuse her for failure to exhaust her administrative remedies."); *see also Thomas v. Slavonic*, No. 18-1601, 2020 WL 6872877, at *3 (S.D. Ca. Nov. 23, 2020); *Jackson v. Wilkie*, No. 4:19-00721, 2020 WL 4912916, at *9 (E.D. Tex. July 21, 2020); *cf. Fort Bend Cnty. v. Davis*, 587 U.S. 541 (2019). But where, as here, a plaintiff alleges that the same course of conduct violated the whistleblower statutes and Title VII, the plaintiff may choose to file his claim with the EEOC instead of filing a "mixed case appeal" directly to the MSPB. *Bonds v. Leavitt*, 629 F.3d 369, 378 (4th Cir. 2011); *cf. Kennebeck v. Napolitano*, No. 1:13-88, 2013 WL 3368960, at * 3–4 (E.D. Va. July 3, 2013) (quoting *McAdams v. Reno*, 64 F.3d 1137, 1141 (8th Cir. 1995); citing *Hendrix v. Snow*, 170 F. App'x 68, 79 (11th Cir. 2006)) (exhaustion satisfied where plaintiff alleged Title VII and WPA retaliation in the EEOC charge); 5 U.S.C. § 7702. If the EEOC denies relief, then the plaintiff may file suit in federal court. *Bonds*, 629 F.3d at 378.

Pham chose to file a formal charge with the EEOC in which he asserted the same 43 allegations of discrimination and retaliation that undergird his Complaint here. *See* ECF No. 1 at 11–19; ECF No. 16-3 at 3–8; ECF No. 16-5 at 6–10. Defendants do not allege any failure to exhaust remedies before the EEOC and the Court can discern none. Thus, after Pham fully pursued the matter before the EEOC, he was free to file suit in federal court. *See Bonds*, 629 F.3d at 378. Pham has exhausted administrative remedies and the Court retains jurisdiction to hear the case.

The Court next turns to whether venue is proper in this District.

### B.     Motion to Dismiss or Transfer for Improper Venue

Where a defendant moves to dismiss a complaint for improper venue under Rule 12(b)(3), the plaintiff need only make a prima facie showing that venue is proper in his choice of forum.  *See Aggarao v. MOL Ship Mgmt. Co., Ltd.*, 675 F.3d 355, 365–66 (4th Cir. 2012).  Under the general venue provision, 28 U.S.C. § 1391(e), venue is proper where "a substantial part of the events or omissions giving rise to the claim occurred," or where "the plaintiff resides if no real property is involved."  *See Doyle v. McDonough*, No. ELH-20-3478, 2021 WL 4846938, at *19–20 (D. Md. Oct. 15, 2021).  Thus, Pham says, venue in Maryland is proper because he lives in this District.  ECF No. 20-1 at 20.

Defendants, however, rightly point out that the Title VII claim is subject to a different and narrower venue provision articulated in 42 U.S.C. § 2000e-5(f)(3).  ECF No. 16-1 at 14–15.  Section 2000e-5(f)(3) directs that Title VII claims may be brought either in the judicial district (1) where the unlawful employment practice allegedly took place; (2) where the employment records relevant to the unlawful practice are maintained and administered; or (3) where the plaintiff would have worked but for the unlawful practice.  42 U.S.C. § 2000e-5(f)(3).  But unlike the general venue statute, a plaintiff's residence does not provide a basis for venue under Title VII.  *See Doyle*, 2021 WL 4846938, at *19 (plaintiff's residence is not a "proper basis for venue under Title VII" (quoting *Wheeler v. Azar*, No. CCB-20-31, 2020 WL 2490037, at *1 (D. Md. May 14, 2020)).

This means that for Pham's Title VII claim, venue is not proper in Maryland.  *See* 42 U.S.C. § 2000e-5(f)(3).  Venue lies only in Mississippi where the allegedly unlawful discrimination took place, or Missouri where the BOP's central records repository is located.

*See Doyle*, 2021 WL 4846938, at *19; ECF No. 16-5 ¶ 3; *see also* ECF No. 16-2 at 4.  Further, where, as here, the claims primarily concern allegations of discrimination actionable under Title VII, the narrower venue provision within Title VII controls.  *See Doyle*, 2021 WL 4846938, at *20 (quoting *Lengacher v. Reno*, 75 F. Supp. 2d 515, 519 (E.D. Va. 1999)); *see also Braun v. U.S. Dep't of Interior*, 288 F. Supp. 3d 293, 301 (D.D.C. 2018) ("when a plaintiff brings a Title VII action, which is covered by Title VII's restrictive venue provision, as well as an action governed by the general venue provision, the narrower venue provision of § 2000e-5(f)(3) controls." (citation omitted)), *aff'd sub nom. In re Braun*, No. 18-5120, 2018 WL 11300459 (D.C. Cir. Dec. 28, 2018).  Accordingly, the Court concludes that venue is proper in either Mississippi or Missouri.  *See* 42 U.S.C. § 2000e-5(f)(3).[2]

When venue is proper outside this District, the Court must dismiss the action, "or if it be in the interests of justice, transfer the case."  28 U.S.C. § 1406(a); *see Estate of Bank v. Swiss Valley Farms Co.*, 286 F. Supp. 2d 514, 521–22 (D. Md. 2003); *Government of Egypt Procurement Office v. M/V ROBERT E. LEE*, 216 F. Supp. 2d 468, 473 (D. Md. 2002).  If dismissal could preclude the plaintiff from refiling the claims because they would now be barred by the statute of limitations, the interests of justice favor transfer.  *Burnett v. N.Y. Cent. R. Co.*, 380 U.S. 424, 431 (1965) (citing 28 U.S.C. § 1406(a)); *see also Benton v. England*, 222 F. Supp. 2d 728, 731 (D. Md. 2022).  Title VII sets demanding filing deadlines that Pham arguably could not meet were the Court to dismiss the action.  *See, e.g.*, *Roberts v. Am. Neighborhood Mort. Acceptance Co.*, No. JKB-17-0157, 2017 WL 3917011, at *1 (D. Md. Sept. 6, 2017) ("Under

---

[2] Defendants also argue that venue is proper where the BOP maintains its principal office, namely Washington, D.C.  ECF No. 16-1 at 16; *see* 42 U.S.C. § 2000e–5(f)(3).  But the principal office venue provision only applies "if the respondent is not found" within any other district where venue is proper.  *See* 42 U.S.C. § 2000e-5(f)(3); *Slaby v. Holder*, 901 F. Supp. 2d 129, 134 (D.D.C. 2012) (quoting *Walden v. Locke*, 629 F. Supp. 2d 11, 14 (D.D.C. 2009)).  Defendants are found in Mississippi and Missouri, thus obviating the need to consider this alternative forum.

Title VII of the Civil Rights Act, an employee who wishes to sue his employer must bring an action within 90 days" of receiving the EEOC notice of right to sue (citing 42 U.S.C. § 2000e-5(f)(1)); *Bonds*, 629 F.3d at 378 (after filing a "mixed complaint" with the EEO office, plaintiff can file a civil action in the federal district court within 30 days); *see also Cohens v. Md. Dep't of Hum. Res.*, 933 F. Supp. 2d 735, 746 (D. Md. 2013) ("As a general rule, an EPA action must be brought within two years after the cause of action accrues" (citing 29 U.S.C. § 255(a)). Accordingly, out of an abundance of caution, the Court will transfer the case in lieu of dismissal.

Last, if possible, the Court should transfer the case to a district where venue is proper as to all claims. *Lengacher*, 75 F. Supp. 2d at 519–20 (quoting *Kravitz v. Inst. for Int'l Rsch., Inc.*, No. A. 92-5045, 1993 WL 453457, at *3 (E.D. Pa. Nov. 5, 1993)). The events giving rise to the claims took place at FCC Yazoo in Mississippi, and so the Court will transfer the matter to the Southern District of Mississippi. *See* 42 U.S.C. § 2000e-5(f)(3) & 28 U.S.C. § 1391(e)(1).[3]

## III. Conclusion

For the foregoing reasons, Defendants' motion to dismiss or transfer for improper venue is GRANTED. The Court will transfer the case to the Southern District of Mississippi. A separate Order follows.

| | |
|---|---|
| July 23, 2024 | /s/ |
| Date | Paula Xinis |
| | United States District Judge |

---

[3] Because the Court will transfer the case, it will not reach Defendant's arguments for dismissal under Rule 12(b)(6) as they are now properly before the transferee court. *See One on One Basketball, Inc. v. Global Payments Direct, Inc.*, 38 F. Supp. 3d 44, 52 (D.D.C. 2014); *see also Pac. Coast Marine Windshields v. Malibu Boats*, No. 1:11-01594-LJO, 2011 WL 6046308, at *2 (E.D. Cal. Dec. 5, 2011), *report and recommendation adopted sub nom. Pac. Coast Marine Windshields v. Boats*, No. 1:11-1594 LJO BAM, 2012 WL 12903557 (E.D. Cal. Jan. 4, 2012) ("When an action is transferred, that which has already been done remains untouched; only further proceedings in the case are referred to another tribunal.").